

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Opinion No. O-4919
Re: Does the Commissioners' Court
of Smith County have the authori-
ty to appropriate county funds to
pay election judges in common
school districts and independent
school districts under the facts
stated?

Dear Sir:

     Your letter of October 14, 1942, requesting the opinion of
this department on the above stated question reads in part as follows:

     "After having been presented with a proper peti-
tion by the required voters of the two districts, the Com-
missioners' Court of Smith County ordered an election
to be held in the Independent School Districts of Omen
and Troup. Said election to determine whether or not the
Omen District would be consolidated with the Troup dis-
trict. The election Judge of the Omen district has pre-
sented a bill to Smith County for his services and the ser-
vices of his two assistants. The consolidation move failed
to carry and it appears the school authorities of the Omen
district refused to pay the election expense.

     "Please advise relative to the authority of the Com-
missioners' Court of Smith County to appropriate County
funds to pay Election judges in common school districts
and in independent school districts.

     " . . . . "

     Article 2806, Vernon's Annotated Civil Statutes authorizes
the holding of elections for the purpose of consolidating contiguous com-
mon school districts, contiguous independent school districts and further
provides that common school districts may in like manner be consolidated
with contiguous independent school districts.

     Articles 2746, 2746a and 2746b, Vernon's Annotated Civil Stat-

utes regarding school district elections and expenses incurred in connection therewith provide in effect that all expenses incurred in connection with or incidental to any school district election in connection with a public school within such school district shall be paid out of the available maintenance fund belonging to such district or certain expenses enumerated in Article 2746, supra, shall be paid out of the local funds of the school district where the election was held.

Therefore, all election expenses incurred by school districts must be paid out of the available maintenance fund belonging to the school district or districts or the local funds of the school district or districts where the election was held as authorized by said statutes.

Specifically answering your question you are advised that it is the opinion of this department that the Commissioners' Court of Smith County has no authority to appropriate County funds to pay election judges in common school districts or independent school districts for any election held in such district or districts.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXA

By          /s/ Ardell Williams
            Ardell Williams
            Assistant

AW:mp:da

APPROVED OCT 20, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION
COMMITTEE BY BWB
CHAIRMAN